Glessing v. Comm'r of Soc. Sec. Admin.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
>> Circuit Judges.

_____

**Gary M. Glessing,**
> **Plaintiff-Appellant,**

> **v.**                                                                 **17-449**

**Commissioner of Social Security Administration,**
> **Defendant-Appellee.**

_____

1

FOR APPELLANT:                    GARY M. GLESSING, pro se; Staten Island, NY.

FOR APPELLEE:                     VARUNI NELSON, Assistant United States Attorney (Arthur Swerdloff, Assistant United States Attorney, on the brief), for Richard P. Donoghue, Interim United States Attorney for the Eastern District of New York; Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** to the district court with instructions to remand the matter to the Commissioner for further proceedings consistent with this order.

Appellant Gary Glessing, pro se, sought review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits.   He appeals from the district court's grant of judgment on the pleadings to the Commissioner.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's judgment on the pleadings.   Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010).   When the judgment upholds a benefits determination by the Commissioner, we conduct a de novo review of the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."   Id. (quoting Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002)).   The substantial evidence standard means that "once an [administrative law judge ("ALJ")] finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise." Brault v. Soc. Sec.

Admin. Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and alteration omitted).

"To determine whether a claimant is disabled, the Social Security Administration must undertake a five-step evaluation[.]"   Jasinski v. Barnhart, 341 F.3d 182, 183 (2d Cir. 2003).   At Step Four, the ALJ determines whether the claimant's residual functional capacity ("RFC") would allow her to perform "past relevant work."   Id. at 184.   If so, the claimant is not disabled.   Id.   "Past relevant work" is "work that you have done within the past 15 years,[1] that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1).   "[T]he claimant has the burden to show an inability to return to her previous specific job and an inability to perform her past relevant work generally."   Jasinski, 341 F.3d at 185 (emphasis omitted).   "This inquiry requires separate evaluations of the previous specific job and the job as it is generally performed."   Id.   The ALJ may inquire into the way a job is generally performed using a vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT").   Id.

Glessing argues the ALJ erred by determining that his past relevant work included that of a "Desk Officer," despite Glessing never having performed this job or having been qualified to do so.   We agree.

At the hearing, Glessing described his past work as a detective on desk duty in 1997-1998.   Glessing testified that he was "on a restricted duty basis," meaning he "sat at a desk, answered phones, [and] took notifications [and] telephone messages," rather than going out on patrol.   R. 940.   Glessing testified that the New York Police Department ("NYPD") would not have allowed him to stay on desk duty indefinitely because it meant he was not performing his regular duties as a detective.   Glessing agreed with the ALJ that "there's no job where a detective gets to sit all day and just answer phones for 20

---

[1] In cases adjudicated after the claimant's date last insured, like this one, the fifteen-year period is calculated from the last-insured date.   SSR 82-62, 1982 WL 31386, at *2; Naegele v. Barnhart, 433 F. Supp. 2d 319, 325 (W.D.N.Y. 2006). Glessing's last-insured date was in June 2012, so his New York Police Department desk duty in 1997 and 1998 can be considered.

years and get a retirement[.]"   R. 942   Glessing then described his work as a security guard.   He did not testify that he had ever worked as a Desk Officer.

At the ALJ's request, the VE identified DOT codes for three occupations to encompass Glessing's past work: Detective, which is skilled work at the light level; Desk Officer, which is skilled work at a sedentary level; and Merchant Guard, which is semi-skilled work at a light level.   However, the VE mistakenly defined Glessing's past work as that of a Desk Officer.   As defined in the DOT, a Desk Officer, among other things, "[s]upervises and coordinates activities of personnel assigned to [a] police precinct station[,]" including police officers, telephone operators, and clerical staff; "assumes responsibility for efficiency and discipline of workers under [her] command[,]" and "assumes command of [a] station house in [the] absence of [the] commanding officer."   DOT Code 375.137-014.   The definition also notes the job may be "designated according to rank as Desk Captain . . . Desk Lieutenant . . . [or] Desk Sergeant[.]"   Id.   A Desk Officer is thus a supervisory role with substantially different duties than those Glessing described performing on desk duty, and may require a rank in the police department that he had not obtained.   Therefore, the VE and ALJ lacked substantial evidence to conclude that Glessing's past relevant work included being a Desk Officer.

Moreover, the ALJ's finding of non-disability at Step Four was premised on this erroneous conclusion.   At the hearing, the ALJ described to the VE a series of hypothetical individuals with physical limitations like Glessing's and asked whether these individuals could perform the work of a Detective, Desk Officer, or Merchant Guard as defined in the DOT.   For each hypothetical, the VE opined that the individual could perform the job of a Desk Officer.   Citing the VE's opinions, the ALJ's decision found Glessing was capable of performing his past relevant work as a Desk Officer "as generally performed[,]" and thus was not disabled.   R. 903.   Desk Officer is the only position to which the ALJ determined Glessing could have returned.

Because the ALJ lacked substantial evidence to conclude that Glessing's past work included "Desk Officer," and because the ALJ cited no other past relevant work that Glessing had the RFC to perform, it follows that the ALJ's conclusion at Step Four—that Glessing could perform past relevant work—was

4

unsupported by substantial evidence.   Further, because the ALJ's finding of non-disability was based solely on his unsupported conclusion that Glessing could perform past relevant work, the finding of non-disability was itself unsupported by substantial evidence.

The Commissioner argues that the ALJ's finding at Step Four should be affirmed because Glessing is not disabled if he can perform past relevant work either as he actually performed it or as it is performed generally, and Glessing performed his work for the NYPD in 1997-1998 at a sedentary level.   We are unpersuaded, for two reasons.

First, the Step Four inquiry requires "separate evaluations of the previous specific job and the job as it is generally performed."   Jasinski, 341 F.3d at 185. The ALJ analyzed only Glessing's ability to perform the duties of a Desk Officer "as generally performed[,]" not his ability to perform desk duty as he had performed it in 1997-1998.   R. 903.   Because the ALJ did not base his finding at Step Four on the separate evaluation of Glessing's previous specific job, we cannot accept the Commissioner's post hoc justification of the ALJ's decision on appeal.   See Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) ("Nor may we properly affirm an administrative action on grounds different from those considered by the agency.").

Second, prior employment only qualifies as "past relevant work" if it is "substantial gainful activity."   20 C.F.R. § 404.1560(b)(1).   Prior employment may or may not be substantial gainful activity if it is performed under "special conditions," which include being "assigned work especially suited to [his] impairment" and being "permitted to work at a lower standard of productivity or efficiency than other employees."   20 C.F.R. § 404.1573(c).   Even if the ALJ had analyzed Glessing's past work as Glessing himself had performed it, the ALJ did not determine whether this work was substantial gainful activity in light of the special conditions under which it was performed.   See, e.g., Smith v. Colvin, No. 14 C 3923, 2016 WL 374136, at *8 (N.D. Ill. Feb. 1, 2016); Jones v. Astrue, No. 12-cv-2125-WJM, 2013 WL 4522045, at *3-4 (D. Colo. Aug. 27, 2013).   We therefore conclude that the present record gives insufficient basis to conclude that Glessing's past relevant work included desk duty.

"Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the Commissioner for further development of the evidence." Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999) (citation, internal quotation marks, and alteration omitted). Although the ALJ lacked substantial evidence to conclude Glessing could perform past relevant work as a Desk Officer, remand is warranted because the ALJ's further development of the record may support a finding of non-disability on other grounds. For example, the ALJ could analyze Glessing's work as a detective on desk duty as he actually performed it in 1997-1998 and determine it was substantial gainful activity, notwithstanding the special conditions under which it was performed. Or, the ALJ could proceed to Step Five and determine Glessing's RFC would have allowed him to perform other work available in the national economy. In either case, Glessing would not be disabled. See Jasinski, 341 F.3d at 184. As to how the ALJ should resolve these issues, or any others that may arise on remand, we express no opinion.

We have considered all of Glessing's remaining arguments and conclude that they are without merit. Accordingly, we **VACATE** the judgment of the district court in part and **REMAND** to the district court with instructions to remand the matter to the Commissioner for further proceedings consistent with this order. Otherwise, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6